UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. MARIA BIG CROW, Defendant. | 3:18-CR-30083-RAL<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS |
|---|---|

Maria Big Crow (Big Crow), filed a Motion for a Bill of Particulars, Doc. 27, under Federal Rule of Criminal Procedure 7(f). The government opposes the motion. Doc. 28. For the reasons explained below, Big Crow's motion is denied.

The Indictment in this case charges Big Crow with two counts of Child Abuse and two counts of Operating a Motor Vehicle Under the Influence of Alcohol with a Minor Present in the Motor Vehicle. Doc. 1. Big Crow's Motion for Bill of Particulars concerns only counts one and two in the Indictment. Doc. 27 at 1. Counts one and two relate to two different minor victims, but contain virtually identical language: "On or about the 22nd day of October, 2017, in Todd County, in Indian country, in the District of South Dakota, Maria Big Crow, an Indian, did abuse, expose, torture, torment, and cruelly punish [I.B. and S.R, respectively], a child who had not attained the age of seven, in violation of 18 U.S.C. § 1153 and SDCL 26-10-1." Doc. 1.

Big Crow maintains that it is unclear as to which act or acts she committed that constitute child abuse and that it "is equally unclear as to what theory of child abuse [she] is defending

1

against." Doc. 27 at 1–2. According to Big Crow, the "only verb" that seems to apply in this case is "expose," which she argues is "in and of itself ambiguous." Doc. 27 at 2.[1] Finally, Big Crow avers that "the conjunctive nature of the state statute"[2] does not provide her sufficient notice to reasonably formulate a defense. Doc. 27 at 2.

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Similar to an indictment, "[t]he purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012) (quoting United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009)); see also United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). Generally, an indictment is "sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant

---

[1] The South Dakota child abuse criminal statute, SDCL § 26-10-1, is assimilated into federal law under 18 U.S.C § 1153. The Supreme Court of South Dakota has addressed and rejected Big Crow's argument that the use of the word "expose" in the statute somehow is unconstitutionally vague or fails to provide sufficient notice of what conduct is being outlawed. State v. Myers, 857 N.W.2d 597, 599–600 (S.D. 2014); State v. Hoffman, 430 N.W.2d 910, 911–12 (S.D. 1988); State v. Eagle Hawk, 411 N.W.2d 120, 124 (S.D. 1987).

[2] Big Crow is mistaken here. Section 26-10-1 is worded in the disjunctive, whereas the Indictment in this case is worded in the conjunctive. Compare SDCL § 26-10-1 (penalizing whomever "abuses, exposes, tortures, torments, *or* cruelly punishes a minor" (emphasis added)), with Doc. 1. (using "*and*" in each of the five counts (emphasis added)).

2

was convicted." Beasley, 688 F.3d at 532 (quoting Hayes, 574 F.3d at 472). This Court has broad discretion in deciding whether the circumstances merit granting a motion for a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991).

In this case, the Indictment adequately states the offenses Big Crow is charged with and minimizes the element of surprise at trial. See Beasley, 688 F.3d at 532; Wessels, 12 F.3d at 750. Each of the two counts in question listed in the Indictment is confined to a narrow timeframe, contain the essential elements of the offense of child abuse, fairly informs Big Crow of the charges which she must defend against, and enables double jeopardy to be plead in a case of subsequent prosecution. See United States v. Iron Hawk, 612 F.3d 1031, 1036 (8th Cir. 2010) (stating that the essential elements of a violation of 18 U.S.C. § 1153 and SDCL § 26-10-1 are that the defendant "without just cause, abused, exposed, tortured, tormented, or cruelly punished [the alleged victims], [the children were] under seven years of age; [the defendant] is an Indian; and the offense took place in Indian Country"); State v. Myers, 857 N.W.2d 597, 600 (S.D. 2014) (holding that prescribing felony punishment for any person who "exposes" a minor under SDCL § 26-10-1 was not unconstitutionally vague); Huggans, 650 F.3d at 1218 (stating that the timeframe alleged in an indictment may be case specific and finding that indictment which alleged a drug conspiracy over an seven-year period adequately set forth the approximate dates at issue).

A bill of particulars is not intended to serve as a supplement or substitute for discovery. United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars." (quoting Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968))); Wessels, 12 F.3d at 750 (stating that a bill of particulars should not be used as discovery tool or to obtain a detailed disclosure of the prosecution's evidence); United States v. Massat, No. CR. 15-50089-JLV, 2018 WL 583109, at *7 (D.S.D. Jan. 29, 2018) (denying

3

defendant's motion for a bill of particulars because the defendant sought it simply as a discovery device). Indeed, the availability of information as to the specific conduct and facts of the charges from other sources, such a pretrial discovery, eliminates the need for a bill of particulars. See Huggans, 650 F.3d at 1220 (affirming the district court's denial of defendant's motion for a bill of particulars as moot because the government previously disclosed "virtually every piece of information sought" by defendant through methods which included pretrial discovery); United States v. Bradley, No. CR. 09-50029-02-KES, 2010 WL 1409447, at *1 (D.S.D. Mar. 31, 2010) ("A motion for a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner.").

The government in its response disclosed that discovery has been provided to Big Crow which includes the facts and circumstances that Big Crow allegedly "started drinking between approximately 9:30 a.m. and 10:00 a.m." on October 22, 2017. Doc. 28 at 1–2. "[S]he drank approximately nine drinks" before 1:00 p.m. when she "lost control of a vehicle" she was driving. Doc. 28 at 2. The vehicle fishtailed, ran off the road, and subsequently rolled. Doc. 28 at 2–3. Two children, a one-year-old boy, I.B., and a fourteen-month-old girl, S.R., were in the vehicle. Doc. 28 at 2. While S.R. "was determined to have no significant injuries," I.B. "was diagnosed with an occipital skull fracture." Doc. 28 at 3. Additionally, Big Crow acknowledges in her motion that the charges contained in the Indictment "arise from a vehicle accident in which Ms. Big Crow is alleged to have been the intoxicated driver of the vehicle that got into an accident, with two children in the car." Doc. 27 at 2. Given that acknowledgement, pretrial discovery, and the language contained in each of the four counts in the Indictment, Big Crow can properly prepare for and defend herself at trial.

4

Finally, this Court finds unavailing Big Crow's argument that the conjunctive nature of the statute or indictment deprives her of sufficient notice to formulate a defense. Despite the disjunctive language of SDCL § 26-10-1, there is nothing improper about an indictment charging in the conjunctive to fully inform Big Crow of the charges brought against her. See SDCL § 26-10-1 (penalizing whomever "abuses, exposes, tortures, torments, *or* cruelly punishes a minor" (emphasis added)); United States v. Van Nguyen, 602 F.3d 886, 900 (8th Cir. 2010) ("[W]here a 'statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction.'" (quoting United States v. Roy, 408 F.3d 484, 492 n.4 (8th Cir. 2005))), abrogated on other grounds by Honeycutt v. United States, 137 S. Ct. 1626, 1631 n.1 (2017).

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for a Bill of Particulars, Doc. 27, is denied.

DATED this 20th day of August, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5